# Third District Court of Appeal

## State of Florida

Opinion filed August 12, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0630
Lower Tribunal No. 22-CA-840-K
_____

**Citizens Property Insurance Corporation,**
Appellant,

vs.

**Tracey Oppenheimer, et al.,**
Appellees.

An Appeal from the Circuit Court for Monroe County, Timothy J. Koenig, Judge.

De Novo, and Kathryn L. Ender, for appellant.

Shochet Law Group, and Doreen Inkeles (Trenton), for appellees.

Before FERNANDEZ, MILLER and LOBREE, JJ.

FERNANDEZ, J.

Citizens Property Insurance Corporation ("Citizens") appeals the trial court's "Order On Citizens Property Insurance Corporation's Motion for Sanctions Pursuant to Section 57.105, Florida Statutes," which denied Citizens's motion. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**The First Action – Case No. 3D22-0995**

In 2016, Citizens issued a homeowners insurance policy to Tracey Oppenheimer and Dr. Darren Oppenheimer (collectively, "plaintiffs") for the period December 9, 2016 to December 9, 2017. After plaintiffs reported Hurricane Irma damages on September 21, 2017, Citizens investigated, accepted coverage, and paid $28,914.12. Plaintiffs demanded appraisal, after which Citizens issued supplemental payments totaling more than $212,000.00.

In March 2019, plaintiffs sued Citizens in the Sixteenth Judicial Circuit in and for Monroe County, Florida (case number 19-CA-000274-K) (the "first action") for breach of contract, seeking additional coverage for the reported loss. In December 2021 and January 2022, Citizens served multiple proposals for settlement, including proposals of $250 to each plaintiff (or $500 jointly) dated December 10, 2021, and a joint proposal for $100,000 dated January 28, 2022. On December 29, 2021, Citizens's counsel advised

2

plaintiffs' counsel via email that the $240/$500 proposals were a mistake and made an informal global offer of $85,000. Citizens later asserted it was too late to serve enforceable amended proposals because trial was less than 45 days away.[1]

On January 6, 2022, Dr. Oppenheimer filed a notice accepting the December 10, 2021 proposal and later filed a voluntary dismissal with prejudice based on a written settlement agreement. On February 3, 2022, Tracey Oppenheimer filed a notice accepting the January 28, 2022 joint proposal as to her individually and filed a voluntary dismissal with prejudice, later amending it to remove a reference to a February 3, 2022 proposal for settlement.

Thereafter, Citizens moved to strike Dr. Oppenheimer's acceptance of the December 10, 2021 proposal, contending that the $250 figure resulted from a clerical error and that it had intended to serve each plaintiff with an inclusive proposal for settlement for $42,500. Citizens alleged that Dr. Oppenheimer's acceptance should be stricken because there was no

---

[1]Citizens contends that throughout the proceedings, plaintiffs attached proposals for settlement and associated releases which appear to be for $42,500.00 to each plaintiff. Citizens alleges this is misleading because the only reason plaintiffs have copies of the unserved proposals for settlement for $42,500 is because their counsel asked to see them, as Citizens never served them on plaintiffs.

pending proposal for settlement of $42,500. Citizens claimed it never amended its notice and offered a global settlement offer pursuant to <u>Danis Indus. Corp. v. Ground Improvement Techs., Inc.</u> 645 So. 2d 420 (Fla. 1994), prior to this improper acceptance on the part of Dr. Oppenheimer. Citizens further contended the only proposal for settlement that was pending on January 6, 2022, was for $250 to each insured, which had been served on December 10, 2021.

Plaintiffs filed their "Motion to Enforce Settlement and for Sanctions" against Citizens. The motion addressed plaintiffs' acceptance of two proposals for settlement, one dated December 10, 2021, and another dated January 28, 2022. The motion also acknowledged plaintiffs' notices of voluntary dismissal with prejudice.

Citizens responded, summarizing its informal offer for $85,000 to resolve the litigation and explaining the mistake Citizens made when it served the proposals for settlement. Citizens also acknowledged that it "never filed an amended Notice of Serving Proposals for Settlement stating the originally intended amounts." The response argued that there was never any meeting of the minds between the parties regarding the plaintiffs' purported acceptance of the settlement offers and that Dr. Oppenheimer's

4

acceptance should be stricken in favor of acceptance of Citizens' global offer, which was at most $100,000.

After a hearing before the trial court, on May 11, 2022, the court denied plaintiffs' motion to enforce. The court found there was never a meeting of the minds regarding the final settlement amount. Plaintiffs appealed, and on December 6, 2023, this Court issued its per curiam affirmance in Oppenheimer v. Citizens Property Insurance Corporation, 387 So. 3d 1210 (Fla. 3d DCA 2023).

**The Second Action – 3D25-0630 (the appeal currently before this Court)**

While the first action was pending at the trial level, plaintiffs filed a second action on December 27, 2022 (case no. 2022-CA-840-K) in Monroe County, Florida (the "second action"). In this action, plaintiffs alleged two counts for breach of contract relating to enforcement of the alleged settlement agreements and two counts for equitable relief. The complaint cited the first action and attached the proposals for settlement and plaintiffs' notices of voluntary dismissal from the first action. Plaintiffs further attached the unserved proposal for settlement to Dr. Oppenheimer in the amount of $42,500. The complaint sought $142,500 in damages plus prejudgment interests, costs, and attorney's fees.

5

Citizens moved to dismiss the complaint on multiple grounds, including lack of jurisdiction, res judicata/collateral estoppel, statute of limitations, sovereign immunity, and failure to state a cause of action. In the alternative, Citizens requested the litigation be stayed pending resolution of the first action.

Before Citizens's motion to dismiss was heard by the trial court, plaintiffs amended their pleading on February 3, 2023. Plaintiffs asserted the same two causes of action against Citizens based on the reported losses and proposals for settlement; however, they dropped the equitable claims. Citizens again moved to dismiss and later amended its motion to include this Court's *per curiam* affirmance issued in the first action.

Without leave of court, in March 2024, plaintiffs then filed a second amended complaint. Plaintiffs replaced their breach of contract claims with two unjust enrichment claims, while still seeking the same damages based on their alleged acceptance of the proposals for settlement.

On July 26, 2024, Citizens moved to dismiss the second amended complaint, raising the same reasons for dismissal as before. Citizens also argued that the second amended complaint was a nullity as it was not filed with leave of court.

On July 26, 2024, Citizens served plaintiffs and their counsel with a section 57.105 safe-harbor notice and proposed sanctions motion. Citizens argued that plaintiffs and their counsel knew or should have known that their actions were in bad faith and were unsupported by fact or law. After plaintiffs did not withdraw or correct the second amended complaint within the 21 days required by section 57.105(4), Citizens filed its sanctions motion with the trial court on August 20, 2024.

The trial court ordered plaintiffs to respond. Instead, plaintiffs withdrew their second amended complaint as improperly filed and requested leave to file a third amended complaint. Thereafter, the trial court denied Citizens's motion to dismiss as moot. The trial court further ordered that Citizens's motion for sanctions be rescheduled so that it could be heard along with plaintiffs' motion to amend. The hearing date was set for January 30, 2025. Plaintiffs' motion for leave to amend asserted the same claims set out in the second amended complaint. Citizens filed a response in opposition.

On January 8, 2025, Citizens served plaintiffs and their counsel with a second safe-harbor notice and proposed motion for sanctions. The January 8, 2025 safe harbor letter demanded dismissal of plaintiffs' lawsuit. Plaintiffs voluntarily dismissed their lawsuit without prejudice on January 24, 2025,

7

which was day 16 of the 21-day safe harbor period. Thus, Citizens never filed their January 8, 2025 sanctions motions with the trial court.

On January 30, 2025, the trial court held the hearing on Citizens's motion for sanctions. Citizens argued that the hearing was directed at the motion for sanctions it had filed on August 20, 2024. Plaintiffs' counsel argued that Citizens's January 8, 2025 safe harbor letter and the motion raising the  same reasons as its August 20, 2024 motion gave plaintiffs another chance to avoid sanctions.

Citizens argued that their motion for sanctions was the one directed to plaintiffs' second amended complaint. Citizens explained that the motion for sanctions was based on 1) plaintiffs filing the second amended complaint improperly without leave of court; 2) Citizens's immunity from litigation because the allegations fall outside of a claim under the insurance policy; and 3) res judicata and collateral estoppel because the issues in this litigation had already been decided in the first action. Citizens also contended that plaintiffs did not file their Notice of Withdrawal until after the safe harbor period expired. Thus, Citizens argued that plaintiffs' demand for $142,500 from the settlements was unsupported by fact or law and was purely frivolous, warranting sanctions against plaintiffs and their counsel.

Plaintiffs' counsel argued that Citizens could not move forward on its August 20, 2024 motion for sanctions because it served plaintiffs with a different safe harbor letter and proposed motion after the August 20, 2024 motion for sanctions was filed. The trial court asked whether Citizens could demand sanctions based on a prior motion made under section 57.105. Citizens argued that it was allowed to do so even though plaintiffs had subsequently filed a voluntary dismissal without prejudice. The trial court noted that the January 8, safe harbor letter contained the same points, arguments, and request for relief Citizens raised in its earlier August 20, 2024 motion. The trial court restated its concern that when multiple motions for sanctions are served based on the same points, "the last one you get is your final opportunity." The court further stated:

> **THE COURT:** Here's why. Here's why, I would say. First of all, the case that he cited, and your Safe Harbor letter ties into the case that he cited in this regard. And let me, it says, "As explained in the enclosed motion for sanctions, and as further addressed in Citizens' opposition to plaintiffs' motion for leave to amend the first amended complaint filed on January 2025, and in Citizens' prior motions to dismiss filed on March 12th and July 26th" – here it is -- "we firmly believe that your pursuit of this litigation is not in good faith, and is unsupported by any facts or then existing law." And you go through and you talk about everything that you've talked about in your argument here….So it suggests in its own language that you continue to pursue this, and we're giving you another chance to not do that.

9

Citizens' counsel responded to the court, "I agree with you, that's exactly what it did." Counsel then explained that Citizens served the January 8 letter and motion so that it would be entitled to fees up through the January 30 hearing on entitlement. Plaintiffs' counsel countered that if entitlement to sanctions were found, Citizens would have been entitled to fees all the way up to through the hearing on entitlement without having to serve the extra motion on January 8. Plaintiffs' counsel argued that because Citizens **did** serve the extra motion and safe harbor letter, it gave plaintiffs the opportunity to withdraw their claim again and avoid sanctions.

The trial court denied Citizens's motion for sanctions, relying on case law presented by plaintiffs, including Lago v. Kame By Design, LLC, 120 So. 3d 73, 75 (Fla. 4th DCA 2013), and Phillips v. Garcia, 147 So. 3d 569 (Fla. 3d DCA 2014). The trial court concluded that where successive safe-harbor notices are served on the same grounds, the last notice controls. Thus, it found plaintiffs' voluntary dismissal within that 21-day safe harbor period allowed them to avoid sanctions. Thereafter, on March 15, 2025, the trial court entered its order denying Citizens's motion for sanctions for the reasons stated on the record at the January 30, 2025 hearing.

## ANALYSIS

On appeal, Citizens argues that the trial court's order denying its motion for sanctions must be reversed and remanded because there is no Florida precedent invalidating a motion for sanctions under section 57.105 when the moving party serves a subsequent motion directed to further frivolous pleadings and motions. Plaintiffs respond that the trial court correctly denied Citizens's August 20, 2024 section 57.105 motion because their successive January 2025 motion afforded the plaintiffs a final opportunity to avoid the possibility of sanctions being imposed.

A trial court's order denying a motion pursuant to section 57.105 is reviewed under an abuse of discretion standard. AT&T Mobility, LLC v. Rigney, 388 So. 3d 72, 81 (Fla. 3d DCA 2023). However, when the trial court's denial is based on an issue of law, the appellate court reviews the order under a *de novo* standard of review. Id. Section 57.105, Florida Statutes (2025), provides:

> (1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
>
> (a) Was not supported by the material facts necessary to establish the claim or defense; or

11

(b)  Would not be supported by the application of then-existing law to those material facts.

\* \* \*

(4) A motion by a party seeking sanctions under this section must be served **but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.**

(Emphasis added).

This appeal presents an issue of first impression:  whether a plaintiff's timely voluntary dismissal in response to a later-served, successive section 57.105 sanctions motion – raising the same grounds as an earlier motion already filed – precludes sanctions on the earlier motion. On this record, the trial court correctly denied Citizen's August 20, 2024 motion because Citizens later served a January 8, 2025 sanctions motion on the same grounds, thereby affording plaintiffs a new 21-day safe harbor period and a final opportunity to avoid sanctions, which plaintiffs did by dismissing their action on day 16.

Plaintiffs ground their position on the two cases they presented to the trial court, Lago and Phillips. We agree that these cases support the safe harbor framework of section 57.105.

First, in Lago, the appellees' initial motion for section 57.105 fees contended that appellants' fee motion was frivolous because there was no

12

contractual or statutory basis for appellants to recover an attorney's fees award. Lago, 120 So. 3d at 74. That motion was served with the required 21-day safe harbor letter. Id. Appellee's second motion for 57.105 fees included the same arguments as the first motion, but also raised an additional argument, that appellants had waived any right to recover attorney's fees in failing to request fees in a pleading. Id. The trial court entered an order granting appellee's second 57.105 motion and imposing sanctions against appellants. Id.

The Fourth District Court of Appeal found that because appellee's second motion did not comply with the 21-day safe harbor provision set out in the statute, the trial court erred in granting that motion. Id. Accordingly, the appellate court reversed and held that when a subsequent or amended section 57.105 motion raises a new argument, it must independently comply with the 21-day safe harbor requirement. Id. at 75. In the case before us, there was no independent ground raised by Citizens in its motion, plaintiffs dismissed their case on day 16 of the 21-day safe harbor period.

Next, in Phillips, plaintiff Garcia filed a lawsuit against Phillips claiming damages for false arrest and malicious prosecution. Phillips, 147 So. 3d at 570. In March 2007, Phillips served Garcia with a safe harbor letter/request for dismissal pursuant to section 57.105(4). Id. Phillips argued that the

13

lawsuit was frivolous because there was no material evidence to support the malicious prosecution claim. Id. This letter/request was filed with the court on February 5, 2009. Id. Thus, it was filed after the 21-day safe harbor period expired.

Before filing her section 57.105 motion with the court, Phillips moved for summary judgment in June 2008, contending that there was no evidence for any elements of the malicious prosecution claim and that she was entitled to qualified immunity. Id. at 571. On January 12, 2009, the trial court granted Phillips's motion for summary judgment, ruling that she was entitled to qualified immunity from Garcia's lawsuit. Id.

On January 6, 2012, Garcia and her counsel filed a motion for section 57.105 sanctions, which had been served on Phillips and her counsel in August 2011, because the basis for granting summary judgment for Philips was qualified immunity and not because there was no proof of the malicious prosecution elements. Id. After a hearing, the trial court denied both section 57.105 motions.

Both parties appealed, and this Court affirmed and held that 57.105 sanctions are not automatic merely because a party ultimately prevails. The movant must establish the claim was meritless under section 57.105. Thus, Phillips is consistent with Lago.

14

Here, Citizens served two safe-harbor motions asserting the same bases as to why the plaintiffs' amended complaints were frivolous (including sovereign immunity, failure to state a claim, law of the case, res judicata/collateral estoppel, and statute of limitations). Citizens acknowledged the January 8 service was intended to preserve additional fees through the entitlement hearing. However, by serving the successive motion, Citizens effectively provided plaintiffs another safe harbor opportunity. Plaintiffs took that opportunity and avoided sanctions by dismissing their complaint within the 21-day safe harbor period. Accordingly, on this record, the trial court did not err in denying Citizens's 57.105 motion for sanctions filed on August 20, 2024. We thus affirm the trial court's order denying Citizens's motion for 57.105 fees

Affirmed.